UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION |
| v. | NO. 4:13-40016-TSH |
| ALEXANDER NDAULA, Defendant. | |

### ORDER AND MEMORANDUM ON DEFENDANT'S AMENDED MOTION UNDER 28 U.S.C. SEC. 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY DISMISS (Docket No. 205)

**February 26, 2020**

**HILLMAN, D.J.**

On September 30, 2014, Alexander Ndaula ("Defendant") pled guilty to charges of wire fraud and conspiracy to commit wire fraud under a plea agreement with the United States of America (the "Government"). (Docket No. 84). The Court sentenced him to twenty-one months' imprisonment based, in part, on an offense level enhancement for an offense involving a loss amount of more than $200,000 and less than $400,000. The Court also ordered him to make restitution in the amount of $237,094.30. Defendant now moves to vacate his sentence and restitution order under 28 U.S.C. § 2255. (Docket No. 205). He argues that "his sentence and restitution amount should be corrected to reflect the correct 'loss amount' used to calculate his sentencing guidelines and restitution requirement pursuant to a sentencing and restitution hearing as had been agreed to by and between [the parties] . . . but not conducted prior to the imposition of sentence in violation of the written Plea Agreement." (Docket No. 205 at 1). For the following reasons, the Court ***denies*** the motion.

1

**Legal Standard**

Section 2255 provides for post-conviction relief "if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to direct attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defects' which, if uncorrected, will 'result in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.* (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Therefore, unless it is constitutional or jurisdictional in nature, a Section 2255 claim must show "exceptional circumstances" warranting redress. *Id.* The petitioner has the burden of showing entitlement to relief. *Mack v. United States*, 635 F.2d 20, 26–27 (1st Cir. 1980).

**Discussion**

Defendant contends that this Court should vacate its sentence and restitution order because it did not conduct an evidentiary hearing to determine the appropriate loss amount prior to sentencing. The Court disagrees. First, the parties' plea agreement clearly bars any collateral attack to the Court's restitution order. (Docket Nos. 84 at 5, 167 at 1). Defendant has therefore waived this aspect of his claim.

Second, Defendant fails to establish that the plea agreement entitled him to any evidentiary hearing on loss amount. The plea agreement lacks any language creating (or even implying the existence of) a right to such a hearing. And although Defendant emphasizes the Court's statement during his Rule 11 hearing that Defendant "may be ordered to pay restitution in an amount that we

2

will determine at a hearing,[1] unless you can come to an agreement on that amount," this statement does not suffice to create any contractual right. (Docket No. 136 at 15). The Court is not a party to the plea agreement and did not purport to construe the parties' obligations under that agreement. (Docket No. 84 at 6, 8).

Even if Defendant did have some right to an evidentiary hearing, however, his challenge still fails because has not shown the existence of "exceptional circumstances" justifying relief. *See David*, 134 F.3d at 474; *see also Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994). There is no indication that the Government failed to introduce enough evidence to support its calculations. Indeed, on direct appeal, the First Circuit expressly rejected the suggestion that the evidence did not support the loss amount proposed by the Government. (Docket No. 167 at 1, 207 at 32–36). There is also no indication that Defendant lacked any opportunity to argue for a different loss amount. During sentencing, this Court gave due consideration to Defendant's arguments as to why it should rely on intended loss rather than actual loss (Docket No. 159 at 10–16)—and it did so even though Defendant did not timely object to the Government's loss calculation in the pre-sentence report and the Court reasonably could have treated the loss amount as undisputed, *see* Fed. R. Civ. Pro. 32(f)(1), (i)(3)(A); *see also* Docket No. 136 at 15 (noting that Defendant "may be ordered to pay restitution in an amount that we will determine at a hearing, *unless you can come to an agreement on that amount*") (emphasis added). That the Court did not resolve the parties' dispute in Defendant's favor does not create an exceptional circumstance warranting relief. *See Knight*, 37 F.3d at 772 (finding that a claim "that the district court made an erroneous finding of fact which led to the misapplication of the sentencing guidelines" was not

---

[1] The Court notes that it did not mention any future *evidentiary* hearing. As loss amount was determined in a subsequent hearing, Defendant arguably received the hearing referenced by the Court.

3

based on exceptional circumstances). In the absence of any demonstration that the failure to provide an evidentiary hearing on the issue of loss amount constituted a fundamental defect or resulted in a complete miscarriage of justice, *see David*, 134 F.3d at 474, the Court ***denies*** the motion to vacate.

## Conclusion

For the reasons stated above, the Government ***denies*** Defendant's motion to vacate his sentence under § 2255. (Docket No. 205).

## Certificate of Appealability

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000) (internal quotation marks omitted). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S. Ct. 1029 (2003). In ruling on an application for a certificate of appealability, a district court must indicate which specific issues satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3).

I deny a certificate of appealability because I find that reasonable jurists could not debate whether Defendant's petition for writ of habeas corpus should have been decided differently. The First Circuit has already determined that the parties' plea agreement bars any challenge to the

Court's restitution order.  And Defendant offers no support for his assertion that the plea agreement created any right to an evidentiary hearing, let alone that the absence of an evidentiary hearing caused any miscarriage of justice.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**